OPINION OF THE COURT
Edwin Kassoff, J.
*737 This is a proceeding pursuant to article 81 of the Mental Hygiene Law seeking the appointment of a guardian for the personal needs and property management of the alleged incapacitated person (hereinafter AIP), Fred Kautsch. Petitioner now requests, in a supplemental order to show cause, that the court fashion an alternate method of service on the AIP because service by personal delivery cannot be effectuated.
The AIP is a 93-year-old individual who resides with his wife, Evelyn, at 45-10 Golden Street, apartment 712, in Flushing, New York. The AIP was referred to Protective Services for Adults on May 21, 1996 after he was found sleeping in a hallway outside of his apartment with the gas stove on. Petitioner alleged that the AIP is unable to provide for his personal needs and property management as he is unable to perform various activities of daily living, including eating, bathing, shopping, toileting, money management, banking, or dressing. Petitioner further alleged that the AIP spends much of his time lying in bed, babbling to himself in German. Petitioner further asserted that Mrs. Kautsch had acted as her husband’s caregiver, but these responsibilities had become overwhelming.
Dr. Robert Spain performed a psychiatric evaluation on the AIP on December 13,1996 at his residence. Dr. Spain diagnosed the AIP with dementia and opined that he is unable to manage any aspect of his life. In an affirmation, Dr. Spain stated that the AIP could not approximate the year or the month but did go to the calendar and read the correct month. He also stated that the AIP was unable to determine the day of the month despite being told that it was a Friday. Dr. Spain also noted that the AIP’s judgment and insight was poor, and he referred to himself as "Fritz”.
Petitioner filed the original order to show cause on May 16, 1997 seeking the appointment of a personal needs and property management guardian for the AIP. Subsequently, the process server made three attempts to serve the petition and order to show cause on the AIP by personal delivery as required by Mental Hygiene Law § 81.07 (d) (2) (i). The process server came to the AIP’s apartment on June 25, 1997 at 7:00 a.m., June 26, 1997 at 8:30 p.m., and June 27, 1997 at 2:55 p.m. In the affidavit of attempted service, the process server stated that he spoke with the AIP, who was behind a locked door, which he refused to open. Petitioner states that when the process server rang the intercom for the AIP’s apartment on June 25, 1997, he asked for the AIP. A male voice answered, "Yes, *738 what is it?” The process server stated that he had papers from Social Services. He was not buzzed through the locked front door. When the process server returned on the two following days, no one answered the bell.
Petitioner now seeks to have the court fashion an alternate method of service pursuant to Mental Hygiene Law § 81.07 (d) (2) (i). Specifically, petitioner requests that the court allow the mailing of the supplemental order to show cause and supporting papers to the AIP at his residence. Petitioner explains that since access to the building has already been refused, affixing the legal papers to the apartment door will be unsuccessful.
The manner of service of the petition and order to show cause on an AIP in an article 81 proceeding and the procedures that must be complied with are outlined in Mental Hygiene Law § 81.07. Mental Hygiene Law § 81.07 (d) (2) (i) provides, in pertinent part, that "the order to show cause and a copy of the petition shall be personally delivered to the person alleged to be incapacitated not less than fourteen days prior to the return date of the order to show cause. However, the court may direct that the order to show cause and a copy of the petition be served on the person alleged to be incapacitated in a manner other than personal delivery when the petitioner demonstrates to the court’s satisfaction that the person alleged to be incapacitated has refused to accept service.” Personal delivery of notice to the AIP is one of the important goals of the statute, and the exception to personal delivery is a limited one (Matter of Hammons, 168 Misc 2d 874, 877).
A "refusal to accept service” is not defined in the Mental Hygiene Law. Before the court will fashion an alternate method of service, however, the petitioner must demonstrate that the AIP has taken some affirmative act that "evidences a deliberate attempt to resist service” (Kassoff and Robert, Elder Law and Guardianship in New York § 12:117). The court finds that the AIP refused to open the door when the process server stated he had papers to be served. The court further finds this constituted a refusal under article 81 of the Mental Hygiene Law, and therefore the court has discretion to fashion a different type of service.
In Matter of Hammons (168 Misc 2d 874, supra), this court addressed the issue of what constituted a refusal to accept service in the context of an article 81 proceeding. Relying on cases decided pursuant to CPLR 308, this court, in Hammons, stated that a refusal to accept service under Mental Hygiene Law § 81.07 required an affirmative act by the AIP to evade *739 service (Matter of Hammons, supra, 168 Misc 2d, at 878). The court, in Hammons, refused to fashion an alternate method of service on the AIP since the petitioner had not come forward with proof that the AIP knew service was being attempted and affirmatively sought to evade service (Matter of Hammons, supra, 168 Misc 2d, at 878).
In the matter at hand, the above principles make clear that the AIP has refused to accept service. When the process server buzzed the intercom at the AIP’s building and asked for the AIP, a male voice replied, "Yes, what is it?” This indicates that the AIP answered the intercom as there is no evidence that another male lived in the apartment. After stating that he had papers to be served, the process server was not allowed access into the building. The evidence, thus, indicates that the AIP was aware he was about to be served with papers and affirmatively sought to evade service by refusing to allow the process server into the building.
Accordingly, petitioner’s request that the court fashion an alternate method of service on the AIP is granted. Petitioner shall mail the supplemental order to show cause and a copy of the petition to the AIP by regular mail, at his residence at 45-10 Golden Street, apartment 712, Flushing, New York 11355.